NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TZILACATZIN OREGON-REYNOSO, | No.   20-73505 |
| Petitioner, | Agency No. A091-868-847 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2021**
San Francisco, California

Before:  MURGUIA, Chief Judge, IKUTA, and VANDYKE, Circuit Judges.

Tzilacatzin Oregon-Reynoso petitions for review of the Board of Immigration

Appeals' ("BIA") dismissal of his claims for withholding of removal and protection

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252, and we deny the petition for review.[1]

"Whether a group constitutes a 'particular social group' [("PSG")] … is a question of law," which this Court reviews de novo. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). In contrast, this Court reviews whether a petitioner has shown that his persecutor was or would be motivated by a protected ground—i.e., whether the "nexus" requirement has been satisfied—under the substantial evidence standard. *See Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009). Under this deferential standard, we treat factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021). Accordingly, in order to reverse the BIA's finding under substantial evidence review, "we must find that the evidence not only *supports* [such a] conclusion, but *compels* it."[2] *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Here, the record does not compel us to reverse the agency. Oregon-Reynoso

---

[1] The parties are familiar with the facts, so we repeat them here only as necessary.

[2] "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018); *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) ("In so doing, we review … the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons."). "Thus, we refer to the [BIA] and IJ collectively as 'the agency.'" *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014).

claims that he suffered past persecution in March of 2014 when three unarmed members of the Tepito organization assaulted him in his store after he refused to pay the extortion fee they demanded. After the assault, Oregon-Reynoso required stitches, decided to leave Mexico, and re-entered the United States without authorization a few days later.

Regarding his withholding of removal claim, Oregon-Reynoso bore the burden of showing that if removed to Mexico he would more likely than not suffer persecution on account of a protected ground. 8 U.S.C. § 1231(b)(3); *see Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir. 2004) (to be eligible for withholding of removal, an applicant must establish a clear probability that he will be persecuted on account of a statutorily-protected ground).

On appeal to the BIA, Oregon-Reynoso changed his purported PSG to "people having businesses in the area controlled by the Tepito gang." The BIA, however, considered only the PSG that Oregon-Reynoso administratively exhausted before the IJ: merchants or people in Mexico City who are attacked by criminal groups and who the police are unable to protect. By failing to first raise his reformulated PSG before the IJ, Oregon-Reynoso waived any related argument, and we lack jurisdiction to consider any such argument now. *See Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (noting that the BIA may elect to consider an issue on the merits despite a procedural default by a non-citizen, but only if it was raised before the IJ).

Similarly, Oregon-Reynoso waived any argument about his exhausted PSG by failing to address or raise it in his opening brief before this Court. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue … not discussed in the body of the opening brief is deemed waived."). But even if Oregon-Reynoso had properly raised his exhausted PSG here, the agency did not err in concluding that the PSG was "impermissibly defined by the harm to which the members are subjected." *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1078 (9th Cir. 2020) (noting that a particular social group must exist independently of the harm asserted to be cognizable).

Regarding his CAT claim, Oregon-Reynoso bore the burden of proving "that 'it is more likely than not that … [he] would be tortured if removed to the proposed country of removal.'" *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004) (first alteration in original) (quoting 8 C.F.R. § 208.16(c)(2)). The agency found that Oregon-Reynoso's sole instance of previous harm (a crime-motivated assault by three unarmed men, which involved punching and kicking that required stiches and a three-hour hospital stay) did not rise to the level of torture. The record does not compel a different conclusion, and substantial evidence supports the agency's conclusion that Oregon-Reynoso is not eligible for CAT protection.

A reasonable fact finder could find, as the agency did, that Oregon-Reynoso's assault did not amount to an "extreme form of cruel and inhuman treatment"

4

specifically intended to inflict severe physical or mental pain or suffering. 8 C.F.R. § 208.18(a)(2). Oregon-Reynoso also provided almost no evidentiary support for his speculation that the Tepito organization may still be interested in him years after his brief encounter with three of its members. Finally, Oregon-Reynoso's generalized evidence on the country conditions in Mexico and the Tepito organization does not compel the conclusion that he faces a greater than 50% risk of torture. More specifically, the evidence fails to show that Oregon-Reynoso faces any *particularized* risk beyond that faced by all Mexican merchants, or even Mexican citizens. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (noting that the petitioner must demonstrate a particularized threat of torture); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard.").

The petition for review is **DENIED**.